[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this action alleging that the defendant breached an oral agreement of employment by simultaneously working for a competitor. The plaintiff seeks to recoup compensation and business expenses paid to the defendant.
The plaintiff has filed an application for a prejudgment remedy pursuant to General Statutes § 52-278a et seq. After an evidentiary hearing, the court heard argument from both sides. The defendant argued that the plaintiff could not sustain his burden of showing probable cause that judgment will enter in the CT Page 1691 plaintiff's favor because the oral agreement between the parties did not include any provision that the defendant would work exclusively for the plaintiff. There is no merit to the defendant's contention.
Every contract includes an implied covenant of good faith and fair dealing such that neither party can do anything to injure the right of the other to receive the benefit of the agreement.Gupta v. New Britain General Hospital, 239 Conn. 574, 598 (1996). If the plaintiff's allegations are true, the defendant has breached the covenant of good faith and fair dealing irrespective of the lack of an exclusivity provision in their agreement.
The defendant also argues that the plaintiff was not the defendant's employer and therefore is the wrong party to bring this action. This contention is meritorious. The defendant was employed by a corporation owned by the plaintiff known as Synergy Risk Consultants, Inc. The corporation paid the defendant the compensation and expenses for which recoupment is now sought and the corporation therefore is the proper party to make this claim. The plaintiff's application for prejudgment remedy is denied due to his failure to establish probable cause that judgment will be rendered in this matter in his favor.
___________________________ VERTEFEUILLE, J.
CT Page 2055